UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARTER LANDON,

        Plaintiff,

                                    Civil Case No. 16-11061
v.                                    Honorable Linda V. Parker

CITY OF FLINT,

        Defendant.
_____/

## OPINION AND ORDER REJECTING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

     This is an action brought pursuant to 42 U.S.C. § 1983 to challenge Defendant City of Flint's enforcement of its Comprehensive Rental Inspection Code in a manner Plaintiff Karter Landon claims violates his right to be free from warrantless searches and arbitrary and retaliatory fines and civil and criminal charges. The matter has been assigned to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (ECF No. 6.)

     On July 18, 2016, Plaintiff filed a motion for temporary restraining order and preliminary injunction. (ECF No. 18.) Defendant City of Flint (hereafter the

"City" or "Flint") filed a response to the motion on August 26, 2016. (ECF No. 21.) Plaintiff filed a reply brief on October 4, 2016.[1]

On November 30, 2016, Magistrate Judge Stafford issued a Report and Recommendation ("R&R"). (ECF No. 37.) In the R&R, Magistrate Judge Stafford recommends that the undersigned grant Plaintiff's motion for a preliminary injunction. Magistrate Judge Stafford finds that a property owner in Flint who refuses inspection of his or her rental property is unlawfully subject to civil infractions and denial of a certificate of compliance without enforcing officials obtaining a warrant or pursuing a pre-compliance review process. Citing Supreme Court precedent, Magistrate Judge Stafford concludes that this violates the Fourth Amendment rights of property owners like Plaintiff. She further concludes that Plaintiff will suffer irreparable harm absent an injunction and that an injunction will further the public interest.

At the conclusion of the R&R, Magistrate Judge Stafford advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. Flint filed objections on December 14, 2016. (ECF No. 41.) Plaintiff responded to the objections on December 22, 2016. (ECF No. 42.)

---

[1] Plaintiff initially filed a reply brief on September 2, 2016, which Magistrate Judge Stafford struck in an October 3, 2016 order because Plaintiff exceeded the page limits set forth in the court's local rules.

## Standard of Review

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's R&R releases the Court from its duty to review independently those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## Flint's Objections

In its objections, Flint does not challenge Magistrate Judge Stafford's analysis. Instead, Flint contends that the city council's enactment of an emergency ordinance at its December 12, 2016 meeting moots the need for a preliminary injunction. (Obj. at 3, citing Exs. B, C.) This amended ordinance, according to the City, requires agencies enforcing Flint's Property Maintenance Code and Comprehensive Rental Inspection Code to seek, in non-emergency situations, an administrative search warrant before conducting an inspection. (*Id*., citing Ex. D at

3

902.5(b), ECF No. 41-5 at Pg ID 744.)  The City maintains that this legislative action provides a warrant requirement and thus addresses the primary concern Magistrate Judge Stafford discusses in the R&R.

## Analysis

"A claim for injunctive relief may become moot if there is no reasonable expectation that the alleged violation will recur and interim events have completely eradicated the effects of the alleged violation." *Snowden v. Town of Bay Harbor Islands, Fla.*, 358 F. Supp. 2d 1178, 1187 (S.D. Fla. 2004) (citing *Siegel v. LePore*, 234 F.3d 1163, 1172-73 (11th Cir. 2000) (additional citation omitted).  In the context of an appeal from a preliminary injunction order, the Supreme Court has declared that such an appeal becomes moot when "the terms of the injunction … have been fully and irrevocably carried out." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 398 (1981).  The party asserting mootness bears a "heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again[.]" *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000) (internal quotation marks and citation omitted); *see also Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 530-31 (6th Cir. 2001) (providing that the party asserting mootness must demonstrate that the terms of the preliminary injunction have been "fully" and "irrevocably" carried out).  For several reasons, Flint fails to meet its heavy burden.

First, the ordinances the City claims moot the preliminary injunction are neither dated nor signed by Flint's Mayor or City Clerk.  Second, Ordinance No. 4081 is an emergency ordinance that, according to its terms and the Flint City Charter, expires sixty-one days after its enactment, unless reenacted.  (Obj., Ex. C § 2-206(E).)  Third, it is not evident that the required steps to effectuate either ordinance were taken.  (*See id*. §§ 3-301 to 3-304.)  Further, even if the ordinances are in fact effective, the language of the relevant amended section of the Comprehensive Rental Inspection Code and of Ordinance 4081 undermine the City's assertion of mootness.

Section 902.5(b) of the Comprehensive Rental Inspection Code, as amended, reads in pertinent part:

> Inspections shall be conducted in a manner best suited to ensure compliance with this Comprehensive Rental Inspection Code.  The enforcing agency will request permission to enter any rental property during regular business hours to conduct an inspection.  In case of emergency, the enforcing agency may enter the rental property at any time.  In non-emergency situations, if permission to enter the rental property is denied, the enforcing agency shall seek an administrative search warrant before conducting the inspection.

(Obj., Ex. D, ECF No. 41-5 at Pg ID 744.)  The City maintains that the warrant requirement in the final sentence of this provision addresses the primary concern Magistrate Judge Stafford identified in the R&R.  However, section 902.5(b) allows for warrantless entries in the case of an emergency and Emergency

Ordinance 4081 provides that there is an emergency with respect to rental properties, generally, in the City:

> **Sec. 1. That, pursuant to Sec. 3-306 of the Flint City Charter, an emergency effecting life, health, and property exists in that rental properties in the City of Flint must be inspected in order to ensure that they are safe and fit for habitation by the residents of the City of Flint and the City's Comprehensive Rental Inspection Code requires revision so that such inspections are mandatory.**

(*Id*., Ex. A, ECF No. 41-2, emphasis in original.) Thus, Flint appears to be granting the enforcing agency continued authority to conduct warrantless inspections of the City's rental properties.

For these reasons, Flint fails to demonstrate that there is "no reasonable expectation that the alleged violation will recur and interim events have completely eradicated the effects of the alleged violation." The Court therefore does not find Magistrate Judge Stafford's recommended preliminary injunction moot.

As such, the Court adopts the recommendations in Magistrate Judge Stafford's November 30, 2016 R&R.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for preliminary injunction is **GRANTED**;

**IT IS FURTHER ORDERED** that the City of Flint is **ENJOINED** from conducting inspections of the City's rental properties or penalizing any person for

refusing to allow an inspection of any rental property in the absence of a warrant, other pre-compliance review process, or the existence of exigent circumstances as that term has been identified by the United States Supreme Court or the United States Court of Appeals for the Sixth Circuit.

                                              s/ Linda V. Parker  
                                              LINDA V. PARKER  
                                              U.S. DISTRICT JUDGE

Dated: January 24, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 24, 2017, by electronic and/or U.S. First Class mail.

                                              s/ Richard Loury  
                                              Case Manager