UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARTER LANDON,

    Plaintiff,                    Civil Action No: 16-11061
                                         Honorable Linda V. Parker
v.                                       Magistrate Judge Elizabeth A. Stafford

CITY OF FLINT,

    Defendant.

_____/

**REPORT AND RECOMMENDATION TO DENY FLINT'S
MOTION TO DISSOLVE PRELIMINARY INJUNCTION [ECF No. 56]**

In January 2017, the Honorable Linda V. Parker adopted this Court's report and recommendation to grant Plaintiff Karter Landon's motion for preliminary injunction.[1] [ECF No. 53]. In objections, Defendant City of Flint had argued that it had adopted an emergency ordinance that mooted the preliminary injunction. [ECF No. 41]. Judge Parker disagreed that the preliminary injunction was moot because the emergency ordinance was not signed by the mayor or city clerk, because it expired by its own terms unless it was reenacted, and because "even if the ordinances are in fact effective, the language of the relevant amended section of the

---

[1] The Honorable Linda V. Parker referred this matter for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).

Comprehensive Rental Inspection Code and Ordinance 4081 undermine the City's assertion of mootness." [*Id.*, PageID 972]. Specifically, Section 902.5(b) of the Code as amended continued to allow "for warrantless entries in the case of an emergency and Emergency Ordinance 4081 provides that there is an emergency with respect to rental properties, generally, in the City." [*Id.*, citing ECF No. 41-2, PageID 653; ECF No. 41-5, PageID 744]. Judge Parker concluded, "Thus, Flint appears to be granting the enforcing agency continued authority to conduct warrantless inspections of the City's rental properties." [*Id.*].

Again arguing that the need for the preliminary injunction is now moot, Flint attaches to its motion to dissolve an amended Comprehensive Rental Inspection Code that became effective on January 18, 2017. [ECF No. 56-8, PageID 1076]. Section 902.5(b) of the amendment has the exact same language as that found by Judge Parker to be inadequate, including that "[i]n the case of an emergency, the enforcing agency may enter the rental property at any time." [*Id.*, PageID 1077]. Flint does not mention Emergency Ordinance 4081, so the Court assumes that it continues to provide "that there is an emergency with respect to rental properties, generally, in the City." [ECF No. 53, PageID 972, citing ECF No. 41-2, PageID 653]. And although Section 902.5(b) indicates that the enforcing

2

agency must seek an administrative warrant if permission is denied in a non-emergent situation, Section 902.5(c) contradictorily states that a landlord or owner "must . . .[p]rovide access to the rental property" upon being notified by the enforcing agency that an inspection is required. [ECF No. 56-8, PageID 1078].

Thus, Flint still "appears to be granting the enforcing agency continued authority to conduct warrantless inspections of the City's rental properties." [ECF No. 53, PageID 972]. Its motion to dissolve the preliminary injunction [ECF No. 56] should be therefore **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 28, 2017

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1). Unless ordered otherwise by the Court, the filing of an appeal to the District Judge does not stay the parties' obligations in this Order. *See* E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 28, 2017.

                                              s/Marlena Williams
                                              MARLENA WILLIAMS
                                              Case Manager