UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARTER LANDON,

       Plaintiff,

                                                Civil Case No. 16-11061
v.                                          Honorable Linda V. Parker

CITY OF FLINT,

       Defendant.
_____/

**<u>OPINION AND ORDER REJECTING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS AND GRANTING IN PART AND DENYING IN PART THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT</u>**

Plaintiff Karter Landon ("Plaintiff") filed this action against Defendant City of Flint ("City" or "Flint") on March 23, 2016, challenging the City's enforcement of its Comprehensive Rental Inspection Code in a manner Plaintiff claims violates his right to be free from warrantless searches, arbitrary and retaliatory fines, and civil and criminal charges. In an Amended Complaint filed June 22, 2016, Plaintiff seeks a declaratory judgment regarding the lawfulness of the City's policies, practices, and conduct. He also asserts claims pursuant to 42 U.S.C. § 1983 for violations of his Fourth, Fifth, and Fourteenth Amendment rights under the United States Constitution (Counts I and II), and a state law unjust enrichment claim (Count III). The matter has been assigned to Magistrate Judge Elizabeth A.

Stafford for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (ECF No. 6.)

## Background

On July 18, 2016, Plaintiff filed a motion for temporary restraining order and preliminary injunction, which this Court granted upon Magistrate Judge Stafford's recommendation in an Opinion and Order issued January 24, 2017. (ECF Nos. 37, 53.) The Court found that a property owner in Flint who refuses inspection of his or her rental property is unlawfully subject to civil infractions and denial of a certificate of compliance without enforcing officials obtaining a warrant or pursuing a pre-compliance review process. Flint's Comprehensive Rental Inspection Code ("Rental Inspection Code") did not provide a warrant requirement or offer property owners pre-compliance review. The Court's order enjoined Flint from "conducting inspections of the City's rental properties or penalizing any person for refusing to allow an inspection of any rental property in the absence of a warrant, other pre-compliance review process, or the existence of exigent circumstances." (ECF No. 53.)

The City subsequently moved to dissolve the injunction, arguing that amendments to the Rental Inspection Code rendered the injunction moot. (ECF No. 56.) Specifically, Flint indicated that its City Council enacted a new ordinance regarding inspections of rental properties affording an opportunity for pre-

compliance review, which the Receivership Transition Advisory Board ("RTAB") approved. The amended ordinance, enacted on December 12, 2016, provides that "[i]n non-emergency situations, if permission to enter the rental property is denied, the enforcing agency shall seek an administrative search warrant before conducting the inspection." (*Id*., Ex. G; ECF No. 56-8.)

On February 28, 2017, Magistrate Judge Stafford issued a Report and Recommendation ("R&R") in which she recommends that this Court deny Flint's motion to dissolve the injunction. (ECF No. 58.) Magistrate Judge Stafford reasons that the ordinance allows for warrantless searches in emergencies and that an emergency ordinance, also passed by the Flint City Council on December 12, 2016, provides that there is an emergency with respect to the City's rental properties. (*See* Obj. to R&R, Ex. A; ECF No. 41-2.) Magistrate Judge Stafford further reasons that while the amended ordinance requires the enforcing agency to seek an administrative warrant if permission to conduct the inspection is denied, it contradictorily states that access to the property *must* be provided upon notification by the enforcing agency that an inspection is required.

In the meantime, the parties filed cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF Nos. 43, 55.) On April 21, 2017, Magistrate Judge Stafford issued an R&R recommending that the Court grant in part and deny in part both motions. (ECF No. 63.) Specifically,

Magistrate Judge Stafford recommends that the Court: (1) grant Plaintiff's request for a declaration that the version of Flint's Rental Inspection Code in effect when this lawsuit was filed violated the Fourth Amendment; (2) grant the City's request for summary judgment with respect to Plaintiff's equal protection claim; and (3) deny summary judgment to the City and Plaintiff with respect to Plaintiff's claims alleging unjust enrichment and violations of the "unconstitutional conditions" doctrine and Fourth Amendment.

As to Plaintiff's request for declaratory relief with respect to Flint's Rental Inspection Code in effect when this lawsuit was filed, Magistrate Judge Stafford relies on her reasoning in granting Plaintiff's request for preliminary injunction to conclude that he is entitled to declaratory relief. (*Id*. at 5-9.) Magistrate Judge Stafford rejects Flint's argument that Plaintiff's claims are moot based on its amendments to the Rental Inspection Code because the amendments only require that the enforcing agency "*seek*" an administrative search warrant if permission to inspect is denied, while also stating that a landlord or owner "*must*" provide access to the property if notified of the need for an inspection. (*Id*. at 10-11.) Magistrate Judge Stafford points out that the code does not grant a property owner the right to deny permission or seek pre-compliance review. (*Id*.)

Nevertheless, Magistrate Judge Stafford recommends that the Court deny Plaintiff's request for summary judgment on his Fourth Amendment claim because

4

he failed to demonstrate that he had a reasonable expectation of privacy in a structure entered by the enforcing agents without a warrant. (*Id*. at 12-13.) With respect to Plaintiff's claim under the unconstitutional conditions doctrine, Magistrate Judge Stafford rejects the City's argument that it is entitled to summary judgment because a four-part test applies to the claim and Plaintiff cannot satisfy the test. (*Id*. at 13-15.) Yet, Magistrate Judge Stafford concludes that Plaintiff is not entitled to summary judgment with respect to the claim because he has not established his standing with respect to the houses for which the City turned off the water as a penalty or that any late fees he was charged resulted from the lack of a pre-compliance review process. (*Id*. at 15.)

Lastly, with respect to Plaintiff's unjust enrichment claim, Magistrate Judge Stafford finds that the City's argument in support of summary judgment is not sufficiently developed as it rests on its assertion that the Rental Inspection Code is valid and therefore there could be no inequity.

At the conclusion of her R&Rs, Magistrate Judge Stafford alerts the parties of their right to file objections. Flint filed objections to both R&Rs. (ECF No. 60, 64.) Flint's objections to Magistrate Judge Stafford's R&R on its motion to dissolve the injunction overlap its objections to the magistrate judge's analysis of its mootness argument in support of its motion for summary judgment. Thus, this Court will address those objections together, below.

## Standard of Review

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's R&R releases the Court from its duty to review independently those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## Analysis

### Unconstitutional Conditions Doctrine Claim

Relying on the Supreme Court's decision in *Dolan v. City of Tigard*, 512 U.S. 374, 385 (1994), Flint argues that it was entitled to summary judgment on Plaintiff's unconstitutional conditions doctrine claim because Plaintiff fails to show that he received or would have received a discretionary benefit and because the benefit sought has a relationship to the property.

As the Supreme Court recently stated, the unconstitutional conditions doctrine "vindicates the Constitution's enumerated rights by preventing the government from coercing people into giving them up." *Koontz v. St. Johns River Water Mgmt. Dist.*, 133 S. Ct. 2586, 2594 (2013) (internal citations omitted). Simply put, the doctrine "declares that whatever an express constitutional provision forbids government to do directly it equally forbids government to do indirectly." William W. Van Alstyne, The Demise of the Right-privilege Distinction in Constitutional Law, 81 Harv. L. Rev. 1439, 1445-46 (1968). In *Dolan*, the Supreme Court provided that "[u]nder the well-settled doctrine of 'unconstitutional conditions,' the government may not require a person to give up a constitutional right … in exchange for a discretionary benefit conferred by the government where the benefit sought has little or no relationship to the property." 512 U.S. at 385 (citations omitted).

Relying on *Dolan*, Flint argues that an unconstitutional conditions doctrine claim survives only if: (1) the plaintiff waived a constitutional right, (2) a discretionary benefit was conferred, and (3) the benefit "had little or no relationship to the property/right." (Flint's Obj. at 3, ECF No. 63 at Pg ID 1224.) Magistrate Judge Stafford concludes that the case law does not support the use of such a test, pointing out that the Supreme Court did not rely on such a test in *Perry v. Sindermann*, 408 U.S. 593 (1972). (R&R at 15, ECF No. 63 at Pg ID 1216.)

7

Instead, the *Perry* Court framed the issue "only on whether the government could deny a benefit to a person because he had exercised a constitutional right." (R&R at 15; ECF No. 63 at Pg ID 1216.) In fact, as Justice Stevens noted in his dissent in *Dolan*, and as many scholars have remarked, "[a]lthough it has a long history … the unconstitutional conditions doctrine has for just as long suffered from notoriously inconsistent application" and the doctrine is "riven with inconsistencies." 512 U.S. at 407 n.12 (citations omitted).

As such, the Court rejects Flint's objection to Magistrate Judge Stafford's analysis of Plaintiff's unconstitutional conditions claim.[1] Plaintiff presents sufficient evidence to survive summary judgment with respect to this claim. He shows that Flint conditions the right to rent one's property on the surrendering of one's right to be free from warrantless searches.

**Fourth Amendment Claim as to Flint's Initial Rental Inspection Code Policies**

In its second objection, Flint argues that Magistrate Judge Stafford improperly relied on the "law of the case" doctrine to find Plaintiff entitled to partial summary judgment on his claim that the City's Rental Inspection Code policies, in effect when he filed this lawsuit, violated the Fourth Amendment. Flint

---

[1] In any event, the Court disagrees with the City that Plaintiff fails to set forth a discretionary benefit. There is much discretion granted to City officials when executing the Rental Inspection Code and deciding whether to grant a permit to rent the property.

8

also argues that Magistrate Judge Stafford failed to fairly consider its arguments with respect to this claim.

"Because of the lesser burden of proof required to support a motion for preliminary injunction as contrasted with a motion for summary judgment, a trial court's disposition of the substantive issues joined on a motion for extraordinary relief is not dispositive of those substantive issues on the merits." *Wilcox v. United States*, 888 F.2d 1111, 1114 (6th Cir. 1989). Thus, "[a]s a general rule, decisions on preliminary injunction do not constitute law of the case and parties are free to litigate the merits." *Id*. (internal quotation marks and citations omitted). Nevertheless, this Court believes that Magistrate Judge Stafford's reference to the "law of the case" simply was an unfortunate misuse of the term to express that her previous analysis of the issue applied with equal force to reject Flint's request for summary judgment on this claim, particularly as Flint began "by repeating verbatim the arguments it made in opposition to the motion for preliminary injunction." (R&R at 8, ECF No. 63 at Pg ID 1209.) In fact, before referring to this term, Magistrate Judge Stafford explained her reasoning for declaring Flint's inspection code policies in effect when the lawsuit was filed violative of the Fourth Amendment. (*Id*. at 6-8, Pg ID 1206-09.) Her reasoning and conclusion is not impacted by the difference in the burden of proof between a motion for preliminary injunction and a motion for summary judgment. Flint nevertheless argues that

9

Magistrate Judge Stafford ignored arguments it raised with regard to Plaintiff's Fourth Amendment claim.

Specifically, Flint argues that, in practice, initial inspections are scheduled in advance, the property owner is afforded the opportunity to reschedule, and inspections are conducted with the consent of the tenant. (Flint's Mot. at 7, ECF No. 43 at Pg ID 770.) Flint also pointed out that when it adopted the 2003 International Property Maintenance Code ("IPMC"), section 1403 stated: "If entry is refused, the code official shall have recourse to the remedies provided by law to secure entry." However, neither argument negates that Flint's previous inspection code did not, on its face, afford property owners an opportunity for pre-compliance review or suggest that they had the right to resist warrantless entries for inspections.

Thus, the Court rejects Flint's objections to Magistrate Judge Stafford's analysis. For the reasons Magistrate Judge Stafford provides in her R&R and her earlier R&Rs, the Court agrees with her conclusion that Flint's previous inspection code violated the Fourth Amendment.

**Unjust Enrichment**

Flint next objects to Magistrate Judge Stafford's recommendation that the Court deny its request for summary judgment as to Plaintiff's unjust enrichment claim. Flint argues that Magistrate Judge Stafford erred in not accepting its

10

argument that an unjust enrichment claim under Michigan law cannot arise in the context of a government service. In support of its argument, Flint relies on the Michigan Supreme Court's decision in *Borg-Warner Acceptance Corporation v. Department of State*, 444 N.W.2d 786 (1989).

As an initial matter, Flint did not assert this argument or cite *Borg-Warner* in support of its request for summary judgment. Flint only raised the argument in response to Plaintiff's motion. In any event, Flint misconstrues the Supreme Court's holding and fails to show that the holding bars Plaintiff's claim completely.

The plaintiff in *Borg-Warner* brought a breach of contract claim against the Michigan Secretary of State based on the plaintiff's payment for a Uniform Commercial Code filing search, which neglected to include a prior indebtedness. *Id*. at 787. The Michigan Supreme Court found no express or implied contract between the plaintiff and the Secretary of State, reasoning that the plaintiff's payment of the fee did not induce performance of the filing search. *Id*. at 788. Instead, Michigan law compelled the state official to conduct the search. *Id*.

As the Court explained:

> If a promisee is already bound by official duty to render a service, it is no detriment to him, and no benefit to the promisor beyond what the law requires the promisee to suffer or to give, for him to do or agree to do the service on request. Though the previous legal duty does not run to the promisor under the later agreement, it runs to the

11

> public of which the promisor is a member, and as such he
> has a right, even if not one enforceable at law, to the
> performance in question. Therefore, no contract can be
> based on such consideration.

*Id*. (quoting 1 Williston, Contracts, § 132 at p. 557 (3d ed.)). In other words, a state employee's performance of a *statutory* duty to provide a government service does not constitute consideration or assent for purposes of creating a contract. In *Borg-Warner*, however, the Michigan Supreme Court did not go so far as to hold that an implied contract cannot arise in the context of the performance of *any* government service. (*See* Flint's Obj. at 6, ECF No. 64 at Pg ID 1227.)

To the extent any of the fees Plaintiff is seeking to recover in his unjust enrichment claim were for the performance of a statutory duty, the City would be entitled to summary judgment. However, the City has not demonstrated that any of the $12,000 in fees Plaintiff has paid since 2013 were for a service a Flint official was statutorily bound to perform, as opposed to penalties imposed on Plaintiff for resisting the warrantless inspection searches of his properties. But again, this was not even an argument asserted by the City in support of its motion for summary judgment.

In short, the Court rejects Flint's objection to Magistrate Judge Stafford's analysis of its request for summary judgment as to Plaintiff's unjust enrichment claim.

**Mootness**

In its fourth objection, Flint argues that the magistrate judge failed to interpret the City's amended Rental Inspection Code "in a manner that was constitutional when a constitutional interpretation was possible[,]" and that a proper interpretation compels the finding that Plaintiff's claims are moot.

First, as Flint acknowledges in its objections, Plaintiff is seeking compensatory and nominal damages in addition to prospective relief. Amendments to the City's Rental Inspection Code after the lawsuit was filed do not render his damages claims moot. *See Gottfried v. Medical Planning Servs.*, 280 F.3d 684, 691 (6th Cir. 2002). Thus, while the City's amendment to the inspection code might moot Plaintiff's claim for injunctive and other prospective relief, it does not moot his claims entirely.

Turning to those amendments, " [a]lthough voluntary cessation of wrongful conduct does not automatically render a case moot, 'the case may nevertheless be moot if the defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated.' " *Mosley v. Hairston*, 920 F.2d 409, 415 (6th Cir. 1990) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)) (brackets and additional quotation marks and citation omitted). As the Sixth Circuit observed in *Mosley*, however, "there appears to be a difference in the way voluntary cessation of illegal activities is treated when the offending parties are

government officials rather than private parties[.]" 920 F.2d at 415. Specifically, "cessation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties" and "such self-correction provides a secure foundation for a dismissal based on mootness so long as it appears genuine." *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 981 (6th Cir. 2012) (quoting *Mosley*, 920 F.2d at 415). Nevertheless, the City's amendments to its Rental Inspection Code do not remove all reasonable expectation that the alleged violations will recur.

First, as Magistrate Judge Stafford points out, the amendments do not require the enforcing agency to *obtain* a warrant if permission is denied prior to conducting an inspection. Section 902.5(b) only states that the enforcing agency must *"seek"* a warrant. Flint argues:

> The Code provides no other alternative for the enforcing agency in that situation. As a result, the correct construction of that Code provision is that the enforcing agency's only allowable course of action is to seek a warrant, and absent such a warrant directing them to search the property, no search can occur.

(Flint's Obj. at 8, ECF No. 64 at Pg ID 1229.) Yet, this Court is not convinced that this is the only result. Inspectors could deem their duty complete by seeking the warrant and that they have the right to demand entry once that step is taken, even if a warrant is not obtained. Moreover, the amendment does not address Plaintiff's claim that property owners, landlords, and tenants are not told that they have the

14

right to refuse warrantless entries, that they are not provided a mechanism for pre-compliance review, and that the City imposes fines and penalties when a warrantless entry is refused.

This Court therefore concludes that Flint's amendments to its Rental Inspection Code have not mooted Plaintiff's claims.

## Conclusion

For these reasons, the Court rejects Flint's objections to Magistrate Judge Staffords' February 28 and April 21, 2017 R&Rs. The Court adopts the magistrate judge's recommendations in those R&Rs.

Accordingly,

**IT IS ORDERED** that the City of Flint's motion to dissolve the preliminary injunction (ECF No. 56) is **DENIED**;

**IT IS FURTHER ORDERED** that the City of Flint's motion for summary judgment is **GRANTED IN PART** in that Plaintiff's equal protection claim (Count II) is **DISMISSED**, but is otherwise **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for partial summary judgment is **GRANTED IN PART** to the extent he seeks a declaration that the version of Flint's Rental Inspection Code in effect when this lawsuit was filed

violates the Fourth Amendment, but is otherwise **DENIED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: June 27, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 27, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager